Porter, J.
delivered the opinion of the court. The plaintiffs are holders of the bill of exchange, on which this suit is brought by endorsement from “ G. M. Ogden, acting executor of P. Norris,” to whom, and Rowland Craig, also executor of Norris, it had been transferred by the defendant.
The intervening party alleges, that Ogden endorsed the bill after his authority, as executor, had expired ; that the indorsees had *550 knowlege of the fact — that the legal right tu . ' . " it is vested in the heirs of Norris, and that they (the interpleaders) have been recognis-ed as such, by a decree of the court of probates.
East’n District.
May, 1822.
There was judgment of non-suit in the court below — both plaintiff and heirs of Norris have appealed.
It is unnecessary to give any opinion whether the word executor, in the endorsement of this bill, must not be considered as one of description alone, or as indicating that the endorser acted in right of his testator; in either point of view, the plaintiffs could not succeed in shewing a right to the bill — in the first, because it wants the name of Craig; and in the second, because the transfer was made after the authority of the executor had expired. We think that judgment must be given in favor of the heirs of Norris, in whom the legal title is vested.
But the plaintiffs aver, that this bill belongs to a commercial concern, in which they were connected with the late P. Norris : that his estate owes them, and that they have a right to have the proceeds of this judgment. This is denied by the heirs, and there is no *551 evidence on record to enable us to decide between them. The money therefore must be paid into court, subject to the decree which may be given on the issue thus joined between the parties.
Grymes for the plaintiffs, Segh?r$ for the intervening party, Conrad for the defendant.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and that the heirs of Norris, who have intervened, do recover of the defendant, the sum of three thousand dollars, with interest, from judicial demand and costs of suit ; and it is further ordered, that this cause be remanded to the district court for proceedings on the issue, joined between the plaintiffs and the intervening party in this suit, and that until the same be decided, the money made on this judgment, shall be paid by the sheriff into the hands of the clerk of the district court, subject to a final judgment in the premises; and it is also ordered, that the appellee pay the costs of the proceedings heretofore had in the court below, and the costs of this appeal.